UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL HOILETT<br><br>Petitioner,<br><br>v.<br><br>TIMOTHY HALL,<br><br>Respondent. | Civil Action No. 03-12619-RCL |

**MEMORANDUM OF THE RESPONDENT
IN SUPPORT OF MOTION TO DISMISS**

The respondent submits this memorandum in support of his motion to dismiss the above-captioned petition filed by Michael A. Hoilett, "the petitioner," who was convicted of first degree murder in 1994. The petitioner claims he is imprisoned in violation of his federal constitutional rights on two grounds: (1) ineffective assistance of assigned direct appeal counsel Attorney James Couture and (2) denial of exculpatory treatment program records of a key [witness] Anngolia Cartwright. The respondent submits that the petitioner has procedurally defaulted these claims and the state court decision rests on an adequate and independent state law ground that is inappropriate for federal habeas review. For this reason, the petition should be dismissed.

**STATEMENT OF FACTS**

The Supreme Judicial Court summarized the underlying facts of the crime as follows:

On the morning of February 28, 1994, the [petitioner], wearing a mask and carrying a shotgun, entered the AMC Market in the Dorchester section of Boston, said, "this is a hold up," and ordered everyone to the floor. One of the store's owners, the sixty-eight year old victim, was behind the counter getting cigarettes for a customer. The victim's son-in-law and three year old granddaughter were standing by a freezer in the store.

3

The [petitioner] told the victim to give him the money from the cash register. At the same time, the victim's son-in-law managed to leave the market with his daughter. The victim's son-in-law then began to lower the security grate at the front of the store. The customer also left the store and, as soon as he was outside, he heard a gunshot.

After shooting the victim, the [petitioner] fled from the store through the entrance that was partially blocked by the security grate. The [petitioner] placed his leg below the security grate as the victim's son-in-law attempted to lower it. At least twice, the [430 Mass. 371] son-in-law brought the grate down on the [petitioner]'s leg, and the [petitioner] cried out in pain. Ultimately, however, the [petitioner] escaped and fled the scene by walking slowly up Westville Street to Dakota Street. When the police entered the market, they found the victim. He had been shot at close range with a shotgun. He died in the market.

The [petitioner] went to the apartment of some acquaintances, Anngolia Cartwright, Vimbai Bush, and Cheryl Jefferson on Dakota Street. As he entered the apartment, the [petitioner] removed his mask. The [petitioner] asked for Bush, a female acquaintance of the [petitioner]. Cartwright heard him say, "f-g spick," and "Oh, man, oh, man I was f--d up. I hope he die. I hope he die."

The [petitioner] appeared nervous. He was "pac[ing] the floor back and forth." His finger was bleeding. Bush asked the [petitioner] what was wrong, and he replied, "Damn, I shouldn't did that, I don't know, I shouldn't did that.... He should have just given me the money." The [petitioner] also said that "[t]hey tried to shut the grate on me" and "I shot him." Bush bandaged the [petitioner]'s finger and asked him to leave. When Bush left, the [petitioner] was still in the apartment.

The next day, following a lead, the police came to the door of the Dakota Street residence. Bush initially told the police that she did not know anything. Subsequently, she gave a statement to the police. She also identified the [petitioner] from a group of photographs the police showed her. The [petitioner] was arrested and indicted for armed robbery while masked, murder, and possession of a sawed-off shotgun.

The defense did not present any witnesses, choosing instead to focus on impeaching the credibility of the Commonwealth's key witnesses. Through cross-examination and closing argument, defense counsel suggested that the [petitioner] was not the armed, masked robber and that the women in the Dakota Street apartment were lying to protect the guilty party.

*Commonwealth v. Hoilett*, 430 Mass. 369, 370-373, 719 N.E.2d 488 (1999).

4

## PRIOR PROCEEDINGS

The petitioner's conviction for first degree murder was affirmed by the Massachusetts Supreme Judicial Court on November 16, 1999. *Commonwealth v. Hoilett*, 430 Mass. 369, 719 N.E. 2d 488 (1999)(herein attached as Exhibit 1). Thereafter, the petitioner filed a motion for a new trial which was denied on October 31, 2000, on waiver grounds. (Petition, p. 3-4, ¶ 11(a); See Suffolk Superior Court Criminal Docket, Ind. No. SUCR 1994-10359 herein attached as Exhibit 2. ) The petitioner filed a pro se motion for leave to appeal the denial pursuant to G. L. c. 278, § 33E and his court-appointed attorney filed an Amended Motion For Leave to Appeal the Denial of the Motion for a New Trial. (See Pro Se Motion, herein attached as Exhibit 3 and Amended Motion herein attached as Exhibit 4). The Commonwealth filed an opposition. (See Commonwealth's Memorandum of Law In Opposition, attached hereto as Exhibit 5). On October 9, 2003, the Single Justice, Ireland, J., denied the gatekeeper motion for leave to appeal the denial of his motion to dismiss. (See Docket Sheet of Supreme Judicial Court for *Commonwealth v. Hoilett*, Suffolk County SJ-2000-0536 herein attached as Exhibit 6) The petitioner filed his federal habeas petition on December 30, 2003.

## ARGUMENT

### THE PETITION SHOULD BE DISMISSED BECAUSE THE GROUNDS ALLEGED IN THE PETITION ARE PROCEDURALLY DEFAULTED.

Following the affirmance of his murder conviction, the petitioner filed a motion for a new trial, claiming that he was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution by appellate counsel for not raising as an appellate issue the denial by the trial court of access to the Department of Social Services records and residential program records of a prosecution witness. The motion was

5

denied and the petitioner filed a motion and amended motion for leave to appeal from the denial of the motion to dismiss pursuant to G.L. c. 278, § 33E. ( See Exhibits 3 and 4.) The Single Justice denied the motion to appeal. (See Exhibit 6). The denial of the petitioner's gatekeeper motion was based on an adequate and independent state law ground which is not reviewable by a habeas court absent a showing of cause and prejudice and/or actual innocence. The procedural default rule precludes a federal habeas court from addressing procedurally defaulted claims. *Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991). Comity and federalism dictate that when a state court decision resolving a federal law claim "rests on a state law ground that is independent of the federal question and adequate to support the judgment," a federal habeas court should not step in to provide relief. *Id.* at 729. The reasons for such a bar to habeas review have been well documented over the years--permitting the habeas court to provide relief in the face of a petitioner's procedural default detracts from the states' abilities to correct defects, to avoid federal intrusion, and, most significantly, to enforce their own procedural rules. *Id.* at 730-731; *Engle v. Isaac*, 456 U.S. 107, 128-129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 88-89 (1977); *see Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("[a] State's procedural rules are of vital importance to the orderly administration of its criminal courts; when a federal court permits them to be readily evaded, it undermines the criminal justice system").

As a matter of Massachusetts appellate procedural law, there exist special provisions for those indicted for, and convicted of, first degree murder. Under G.L. c. 278, §33E, such a "capital" defendant has a right of direct appeal to the SJC, without the case being first entered on the docket of the Appeals Court. *See Dickerson v. Latessa*, 872 F.2d 1116, 1117-1118 (1st Cir. 1989). The scope of the SJC's review is exceedingly broad under §33E: it reviews the "whole

6

case" to determine whether the verdict is against the weight of the evidence, and the court is empowered to order a new trial or to reduce the verdict to a lesser degree of guilt if the interests of justice so require. *See Dickerson v. Latessa*, 872 F.2d at 1118; *Trigones v. Attorney General*, 420 Mass. 859, 863, 652 N.E.2d 893, 895 (1995); 32 Nolan & Sarorio, MASSACHUSETTS PRACTICE SERIES, *Criminal Law*, §189 (3d ed. 2001).

After this plenary review on direct appeal, a capital defendant may not appeal the decision of the Superior Court denying a post appeal motion for a new trial unless the "gatekeeper," *i.e.*, a single justice of the Supreme Judicial Court for Suffolk County, finds that the appeal presents a "new" and "substantial" question which ought to be determined by the full court. *Dickerson v. Latessa*, 872 F.2d at 1118. The gatekeeper's denial of a defendant's petition for leave to appeal is final and unreviewable. *Commonwealth v. Ambers*, 397 Mass. 705, 710-711, 493 N.E.2d 837, 841 (1986). *See McLaughlin v. Gabriel*, 726 F.2d 7, 9 (1st Cir. 1984). The gatekeeper only reviews the defendant's claim to determine whether it meets the conjunctive procedural requirement that it be both "new and substantial." *Leaster v. Commonwealth*, 385 Mass. 547, 549-550, 432 N.E.2d 708, 709-710 (1982). *See Dickerson v. Latessa*, 872 F.2d at 1118; *McLaughlin v. Gabriel*, 726 F.2d at 9.

The decision of the gatekeeper in this case was a procedural default. In fact, the First Circuit has held that the denial of the §33E gatekeeper petition is a "classic example of an independent and adequate state ground." *Simpson v. Matesanz*, 175 F.3d 200, 207 (1st. Cir. 1999) (citations omitted). *See Moore v. Ponte*, 186 F.3d 26, 32 (1st. Cir. 1999) (denial of gatekeeper petition functions as a procedural default). This is not a case where the gatekeeper bypassed the question of whether the issue was "new," and instead found that it was not

7

"substantial," *see Phoenix v. Matesanz*, 189 F.3d 20, 25-27 (1st Cir. 1999), but rather, this is a case where the gatekeeper determined that neither part of §33E's conjunctive procedural requirement could be met and summarily denied the motion.

Only if a petitioner can demonstrate either (1) cause and prejudice for the default, or (2) a failure to review the claim will result in a "fundamental miscarriage of justice," *i.e.*, the conviction of an innocent person, can he overcome the bar to habeas review that his procedural default has caused. *Coleman v. Thompson*, 501 U.S. at 750. The mere failure by counsel to comply with a state procedural rule, whether inadvertent or deliberate, does not suffice as "cause" for a habeas petitioner's procedural default. *Murray v. Carrier*, 477 U.S. 478, 486 (1986); *Engle v. Isaac*, 456 U.S. at 134. The Constitution ensures "only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim." *Engle v. Isaac,* 456 U.S. at 134. Cause for a procedural default accordingly is limited to "something external to the petitioner, something that cannot be fairly attributed to him[.]" *Coleman v. Thompson*, 501 U.S. at 753. For habeas purposes the federal "fundamental miscarriage of justice" standard means that petitioner must establish actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Burks v. Dubois*, 55 F.3d 712, 717 (1st Cir.1995). To establish actual innocence, "petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. This exception is quite narrow and seldom used. *Simpson v. Matesanz*, 175 F.3d at 210. Given the evidence introduced at trial, see Exhibit 1, the petitioner could not meet his burden of proving actual innocence.

8

In sum, the two claims in the petition are in procedural default and the petitioner has failed to prove cause and prejudice or actual innocence in order to overcome the bar.

## CONCLUSION

For the above-stated reasons the respondent's motion to dismiss should be allowed.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO No. 037060

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached documents was served upon the petitioner by first-class mail, postage pre-paid, on March 30, 2004 addressed to him as follows:

Michael Hoilett
MCI Cedar Junction
P.O. Box 100
South Walpole, MA 02071

*Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General