UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL HOILETT,<br>    Petitioner,<br><br><br>      V.<br><br>       1/<br>PETER ALLEN, former<br>Superintendent MCI<br>Cedar Junction, and<br>DAVID NOLAN, Successor,<br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 03-12619-RCL

PETITIONER'S OPPOSITION TO RESPONDENT'S
MOTION TO DISMISS WITH CROSS-MOTION
REQUEST FOR EVIDENTIARY HEARING; DISCOVERY
AND ASSIGNED C.J.A. COUNSEL

Now comes the Pro se Petitioner, Michael Hoilett, and files

the following opposition to Respondent's frivolous motion to

dismiss, while also filing his Habeas Rule 8 Evidentiary Hearing

Request, Rule 6 Discovery Request, and Rule 8 (c) Request for

18 USC § 30006A Assignment of C.J.A. Habeas Counsel.

---

1/
    Respondent's Attorney Annette Benedetto was too lazy to change
word process heading incorrect name Timothy Hall on her pleadings,
which is submitted to support an inference that someone elses case
research does not apply to this case, id.

I.       RESPONDENT'S MISSTATEMENTS OF LAW AND ATTEMPTED
         FRAUD ON JUDGE LINDSAY:

                         •

The District of Massachusetts Local Rules adopt state Ethical

Cannons For Lawyers, and S.J.C. Rule 3:07 Ethical Sub-Rule 3.3 (a)

(1) states " A Lawyer shall not make a false statement of law to

a tribunal" while Sub-Rule 8.4 (c) makes it professional misconduct

for a lawyer to " engage in conduct involving dishonesty, fraud,

deceit, or misrepresentation".

Because Respondent's fraudulent motion to dismiss includes

false statements of law copied from some other case memorandum,

pursuant to S.J.C. Rule 3:09 Judicial Canon 3 (B)(3)(b) and it's

Federal Local Rule counterpart, Judge Lindsay should refer Attorney

Annette Benedetto to the Board of Bar Overseers for discipline.

Petition Ground One involves ineffective assistance of direct

appeal counsel which could never be procedurally defaulted and

Ground Two involves the underlying exculpatory evidence denial claim,

id.

As set out in opposition, _infra_, it is undisputed that state

proceedings involved his First New Trial Motion following direct

appeal affirmance and he had no prior opportunity to raise ineffective

appellate counsel at any prior stage of the state court proceeding.

Respondent's attorney's false statement of law involves cases

involving trial procedural defaults, not  Appellate Counsel claims;

hence, the principle that a § 33E SJC gatekeeper denial cannot relieve a previous trial procedural default has nothing to do with the present petition and she has attempted fraud by misrepresenting her citation to <u>Simpson</u> V. <u>Matesanz</u>, 175 F.3d 200, 207 (1st Cir. 1999) and <u>Moore</u> V. <u>Ponte</u>, 186 F.3d 26, 32 (1st Cir. 1999) at page 6 of her Memorandum. Both <u>Simpson</u> and <u>Moore</u> presented any ineffective assistance of counsel claims, <u>id</u>.

Respondent's attorney also concealed the following controlling law from this Court:

II.          <u>OPPOSITION TO MOTION TO DISMISS</u> :

Respondent's Memorandum pages 5-7 legal argument is mere boilerplate word processing from another case, without any reference to Petitioner's specific Grounds and without any argument for Respondent's proposition for an ineffective Appellate Counsel Ground One claim being procedurally barred or justifying Ground Two non-disclosure of exculpatory evidence. Respondent does not explain how Mass. Crim. P. Rule 30 (c)(2) requirement for all claims to be raised in a First New Trial Motion could procedurally bar the Ground One ineffective Appellate Counsel claim presented in the First New Trial Motion directly following affirmance of the Petitioner's direct appeal. Respondent does not explain how non-disclosure of exculpatory evidence Ground Two claim could be improperly raised either.

As a matter of Massachusetts law, it is always permissible, and cannot be procedurally barred, when a claim of direct appeal

counsel is presented in a First New Trial Motion following appellate
affirmance, <u>Commonwealth</u> V. <u>Cormier</u>, 668 N.E. 2d 1326, 1327-1329,
41 Mass. App. Ct. 76, 77-80 (1996), <u>Haberek</u> V. <u>Commonwealth</u>,    N.E. 2d
,    , 421 Mass. 1005, 1006 (1995); <u>Commonwealth</u> V. <u>Cardenuto</u>, 548
N.E. 2d 864,   406 Mass. 450, 454 (1990).

    Presenting an ineffective assistance claim following a direct
appeal decision is consistant with the decision of the United States
Supreme court in <u>Massaro</u> V. <u>United States</u>, 123 S.Ct. 1690, 1693-1696
(2003) and the First Circuit decision in <u>Prou</u> V. <u>United States</u>, 199
F3d 37, 48-50 (1st Cir. 1999) and a 28 USC § 2253 Certificate of
Appealability decision has been pending in the First Circuit on
ineffective direct appeal counsel and non-disclosure of exculpatory
evidence claims in <u>McDonald</u> V. <u>United States</u>, No. 03-1055 and <u>Shea/</u>
<u>Burke/ O'Halloran/McGonagle</u> cases 02-1227, 03-1048, 03-1227 and
02- 2441.

    28 USC § 2254 review of ineffective appellate counsel grounds
which were filed and exhausted in state court following direct appeals,
is always permissible, <u>DiToro</u>  V. <u>Guarino</u>, 03-12467-PBS (Briefing
on merits pending); <u>Lucas</u> V. <u>O'Dea</u>, 179 F.3d 412, 414-420 (6th Cir.
1999); <u>Roe</u> V. <u>Delo</u>, 166 F.3d 416, 417-420 (8th Cir. 1998); <u>Matire</u>
V. <u>Wainwright</u>, 811 F.2d 1430 (11th Cir. 1987) and in fact such analysis
requires review of appellate briefs and decision, <u>Gray</u> V. <u>Greer</u>, 800
F.2d 644, 646 (7th Cir. 1986) meaning that a state post-conviction
claim motion could not be filed until after the state decision. <u>Gray</u>

V. Greer, supra, was cited with approval in Smith V. Robbins, 528 U.S. 259, 288 (2001) and Commonwealth V. Sowell, N.E. 2d , 34 Mass. App. Ct. 229, 232 (1993). This is because the Strickland prejudice prong for a ineffective appellate counsel claim does not acrue until the affirmance decision on appeal.

Ground One does not, is not, and cannot be dismissed for procedural default, because it is not defaulted.

Because Ground Two concerns state concealment of exculpatory evidence that should have been disclosed to impeach a main prosecution witness Ouimette V. Moran, 942 F.2d F.2d 1 (1st Cir. 1991); Gonzales - Soberal V. United States, 244 F.3d 273, 277-279 (1st Cir. 2001) close scrutiny of the state court record is required to determine if "cause and prejudice" must be shown or whether non-disclosure itself constitutes "cause" for relieving and Ground Two procedural default, Banks V. Dretke, 124 S.Ct. 1256, 1269-1281 (2004).

More importantly Ground One ineffective assistance of appellate counsel merits must be decided first, Dretke V. Haley, 124 S.Ct. 1847 (2004) which requires analysis of the merits of Ground Two, Gray V. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

For the reasons set out, infra Respondent's frivolous motion to dismiss must be denied, or defferred until the record is fully developed and Ground One must be decided on merits.

III.         FULL DEVELOPMENT OF THE RECORD, DISCOVERY,
             EVIDENTIARY HEARING AND ASSIGNMENT OF
             COUNSEL IS NECESSARY:

The Ground Two non-disclosure of exculpatory impeachment
evidence requires a habeas Rule 6 discovery order for Respondent
to file the disputed concealed documents, or mental health treatment
program records, with Judge Lindsay, Gonzales-Soberal V. United
States, 244 F.3d 273, 274 - 279 (1st Cir. 2001), Ouimette V. Moran,
762 F.Supp. 468 D.RI) grant of wait after discovery, affirmed, 942
F.2d 1 (1st Cir. 1991); Banks V. Dretke, 124 S.Ct. 1256, 1268 (2004)
("The Magistrate Judge ordered disclosure of the Bowie County District
Attorney files"). A Habeas Rule 8 evidentiary hearing would also
be appropriate for Ground Two, Banks V. Dretke, Supra, 124 S.Ct.
at 1268-1269 ("Claims of withheld crucial exculpatory and impeachment
evidence" for which " the Magistrate Judge issued an evidentiary
hearing"); Gonzales-Soberal V. United States, Supra,  244 F.3d at
277-279 (Remanding for "prejudice" evidentiary hearing on key witnesses
psychological reports).

A Habeas Rule 5 order for the Respondent to file state transcripts
for harmless error, or prejudice, analysis is also necessary, Vicks
V. Bunnell, 875 F.2d 258, 659-660 (9th Cir. 1989)( Reversing District
Court for not reviewing entire record and trial transcript).

More importantly, the Ground One Ineffective Assistance  of
direct appeal counsel claim also requires a Rule 8 evidentiary hearing
for full development of the record through appellate counsel's
testimony explaining omission of meritorious Ground Two issue, or
admitting non-strategic error, Mapes V. Coyle, 171 F.3d 408, 427-

429 (6th Cir. 1999)(Remanding for hearing to take testimony from state appellate attorney); Accord, Phoenix V. Matesanz, 189 F.3d 20 (1st Cir. 1999) (Remanding to take testimony from state trial counsel).

The presently inadequately developed and incomplete state court record is insufficient to correctly decide both Grounds.

With a First Degree Life sentence liberty interest, further development of the record should be ordered.

Because an evidentiary hearing and discovery is necessary, this Court must also assign Habeas Rule 8(c) counsel, Liebman, Federal Habeas Corpus, § 12.3 (4th Ed. 2001); Roney V. United States, 205 F.3d 1061, 1062-1063 (8th Cir. 2000); United States V. Iasiello, 166 F.3d 212, 213n.3 (3rd Cir. 1999); Swazo V. Warden, 23 F.3d 332, 333-334 (10th Cir. 1994); Alford V. United States, 709 F.2d 418, 423 (1st Cir. 1983).


CONCLUSION


This Court should assign 18 USC § 3006A (b) (c), 3006A (d) (1) (3) counsel for C.J.A. program, then issue Habeas Rule 5 Transcripts, order Habeas Rule 6 discovery for a Rule 7 expanded record, then schedule a Habeas Rule 8 full evidentiary hearing while now summarily denying Respondents motion to dismiss.

Most Respectfully
Submitted By

*Micheal Hoilett*

June 27, 2004                    Michael Hoilett, Pro se
Prison Mailbox                   P.O. Box 100
Original Court                   South Walpole, Massachusetts 02071
Copy. Attorney General
CC: File