UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL HOILETT | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 03-12619-RCL |
| TIMOTHY HALL, | ) | |
| Respondent. | ) | |

MEMORANDUM OF THE RESPONDENT
IN SUPPORT OF MOTION TO DISMISS LATE NOTICE OF APPEAL

The respondent submits this memorandum in support of his motion to dismiss the late notice of appeal filed by the petitioner, Michael Hoilett, on September 9, 2005, almost five months after judgment was entered by this Court on April 5, 2005, dismissing his petition for writ of habeas corpus.

It is well settled that habeas corpus is a civil proceeding. *Fisher v. Baker*, 203 U.S. 174, 181 (1906). A notice of appeal in a civil case is timely filed if it is received within thirty days after entry of judgment, Fed. R. App. P. 4(a)(1). Fed. R. App. P. 4(a)(5) provides a narrow exception whereby a delinquent party may be granted an additional 30 days by the district court for excusable neglect. However no such extension shall exceed 30 days past the prescribed time. Fed. R. App. P. 4(a)(5)(C). *Campiti v. Matesanz*, 333 F. 3d 317, 320 (1st Cir. 2003)(Rule 4 permits an extension of only 30 days after the original time period for filing a notice of appeal expires).

2

Rule 4's time limit is "mandatory and jurisdictional." *Browder v. Director*, *Dept. of Correction*, 434 U.S. 257, 263 (1978), quoting *United States v. Robinson*, 361 U.S. 220, 229 (1960). *See Oliver v. Commissioner of the Mass. Department of Corrections*, 30 F. 3d 270, 272 (1994)(prisoner's untimely notice of appeal deprived appellate court of jurisdiction). "The purpose of the rule is clear: it is 'to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made...'" *Browder,* 434 U.S. at 263, quoting *Matton Steamboat Co. v. Murphy,* 319 U.S. 412, 415 (1943). Since the filing of a timely notice of appeal is a jurisdictional requirement, this Court is without authority to allow the late notice of appeal. *See Gochis v. Allstate Co.* 16, F. 3d. 12, 15 (1st Cir. 1994). The federal rules expressly forbid a court from enlarging the time for filing an appeal except as provided by Rule 4. *See* Fed. R. App. P. 26(b). It has been almost five months since the petition was dismissed which is well beyond time period allowed by the rule.[1]

---

[1] The cause of judicial economy would not be served if the petitioner was allowed to proceed with his appeal. Filing a notice of appeal is only the first step in obtaining appellate review since the petitioner must also obtain a Certificate of Appealability (COA) from the district court or the First Circuit. To obtain a COA, a petitioner must made a substantial showing of the deprivation of a federal constitutional right. 28 U.S.C. § § 2253(c)(2). *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Given the weakness of the petitioner's claims, which are unmeritorious as well as procedurally defaulted, it is extremely doubtful that a district court or appeals court would determine that the petitioner has met his burden.

3

## CONCLUSION

For the above-stated reasons, the motion to dismiss the notice of appeal should be allowed. [2]

                        Respectfully submitted,

                        THOMAS F. REILLY
                        ATTORNEY GENERAL

                        /s/ Annette C. Benedetto
                        Annette C. Benedetto
                        Assistant Attorney General
                        Criminal Bureau
                        One Ashburton Place
                        Boston, Massachusetts 02108
                        (617) 727-2200
                        BBO No. 037060

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner by first-class mail, postage pre-paid, on September 14, 2005, addressed to him as follows:

Michael Hoilett
MCI Cedar Junction
P.O. Box 100
South Walpole, MA 02071

                        /s/ Annette C. Benedetto
                        Assistant Attorney General

---

[2] The pro se petitioner also appears to be seeking an extension of time to file an appeal for excusable neglect. See Argument Supporting Petitioner's Excusable Neglect Filing Notice of Appeal. As noted, the deadline for seeking an extension expired months ago. The grant or denial of an extension of time to appeal is an immediately appealable postjudgment order reviewed for abuse of discretion. *National Industries, Inc. v. Republic Nat. Life Ins. Co.*, 677 F.2d 1258, 1264 (9th Cir. 1982).