UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Michael Hoilett,              )
          Petitioner,         )
                              )     Civil Action No.
     v.                       )     03-12619-RCL
                              )
Peter Allen,                  )
          Respondent.         )

MOTION TO ENLARGE NOTICE OF FILING APPEAL BASED UPON
THIS COURT'S ALLOWENCE OF PETITIONER's
ARGUMENT OF EXCUSABLE NEGLECT

Now comes the Petitioner, Michael Hoilett, pro se, in the above-entitled matter and submitts to this Honorable Court Petitioner's Motion to Enlarge Notice of Filing Appeal Based Upon this Court's Allowence of Petitioner's Argument of Excusable Neglect, Petitioner cites **Fed.R.App. 4(a)(5) and 4(a)(6) in support of this Motion.**

   1. All Habeas Corpus proceeding from a State Court to Federal Court are considered civil action.

   2. Rule 4(a)(5) of the Fed.R.App. states: The District Court may extend the time to file a notice of appeal if:

      (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

      (ii) that party shows excusable Neglect or good cause,

   This Court has already allowed the Motion for Excusable Neglect (Attached as Exhibit A) thus Petitioner has met that burden.

   3. Rule 4(a)(6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if the following conditions

are satisfied:

    (A) the motion is filed within 180 days after the judgment or ordered is entered within 7 days after the moving party receives notice of the entry, whichever is earlier;

    (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any other party within 21 days after entry; and

    (C) the court finds that no party would be prejudiced.

It is apparent that this petitioner falls into both category A and C of Rule 4(a)(6) and thus should be entitled to relief.

Furthermore **Rule 6(b), FedR.Civ.P.** deals with time, specificly enlargement of time. The Supreme Court stated not to long ago "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is somewhat 'elastice concept' and is not limited strictly to omissions caused by circumstances beyond control of the movant." **Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,** \_\_\_U.S.\_\_\_,113 S.Ct. 1489, 1496 (1993)(**footnotes omitted**). The decision whether neglect is excusable is based on all the relevant circumstances, including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith." **Id. at 1498 (footnotes omitted).**

As stated in the prior Excusable Neglect Argument (Attached as Exhibit **A**) the opposing party faces no prejudice allowing both the Motion for Enlargement of Time and Petitioner's Notice of Appeal, this Court already allowed his Excusable Neglect Argument knowing that this man was to sick to defend himself or prepare legal arguments. Thus this Petitioner has overcome the burden he faces for late filing of appeals and therefore must be allowed to proceed with his appeal.

**WHEREFORE,** this petitioner prays that this Honorable Court will allow this Motion for Enlargement of Time based on this Court allowed Excusable Neglect Argument and allow this Petitioner to proceed with his Appeal.

Date: 10/16/05

Respectfully submitted,

*/s/ Micheal Hoilett*
Michael Hoilett pro se
SBCC
P.O. Box 8000
Shirley, MA 01464

## CERTIFICATE OF SERVICE

I, Michael Hoilett, hereby certify that a copy of Petitioner's Notice of Appeal, Motion for Enlargement of Time and Exhibits were mailed by first class, prepaid postage to all involved parties on October 16, 2005 by U.S. Mail.

                                                              _____
                                                              Michael Hoilett

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL HOILETT,              )
         Petitioner,          )
                              )
   v.                         )    CIVIL ACTION NO.
                              )    03-12619-RCL
                              )
PETER ALLEN,                  )
         Respondent.          )

## NOTICE OF APPEAL

Now comes the Petitioner, Michael Hoilett, pro se, in the above-entitled matter and Appeals the decision of United States District Judge Reginald C. Lindsay in denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 and dismissing Hoilett's petition, on 3/31/05 entered on 4/4/05.

Date: 9/6/05                         Respectfully submitted,

                                     _____
                                     Michael Hoilett, pro se
                                     SBCC
                                     P.O. Box 8000
                                     Shirley, MA. 01464



United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Lindsay, Reginald entered on 10/4/2005 at 6:49 PM EDT and filed on 10/4/2005
Case Name:  Hoilett v. Peter Allen
Case Number: 1:03-cv-12619
Filer:
WARNING: CASE CLOSED on 04/05/2005
Document Number:

Docket Text:
Judge Reginald C. Lindsay : ElectronicORDER entered granting [22] MOTION to Dismiss Late Notice of Appeal by Peter Allen. This motion is granted upon the assumption that this court retains jurisdiction to act on the motion. In any event, this court has no power to extend the period during which a notice of appeal may be filed in this case, because the notice was filed without a motion to extend time; it was filed beyond the period allowed by Fed. R. App 4 (a)(5); and it would extend the period for filing a notice of appeal beyond that allowed by Fed. R. App 4 (a)(5). (Lindsay, Reginald)

The following document(s) are associated with this transaction:


1:03-cv-12619 Notice will be electronically mailed to:

Annette C. Benedetto    Annette.Benedetto@AGO.state.ma.us, AppealsEFilings@ago.state.ma.us

1:03-cv-12619 Notice will not be electronically mailed to:

Michael Hoilett
W/57335
MCI Cedar Junction
P.O. Box 100
South Walpole, MA 02071

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL HOILETT,         )
          Petitioner,    )
                         )
     v.                  )    CIVIL ACTION NO.
                         )    03-12619-RCL
PETER ALLEN,             )
          Respondent.    )

ARGUMENT SUPPORTING PETITIONER'S EXCUSABLE
NEGLECT FILING NOTICE OF APPEAL

   Now comes the Petitioner, Michael Hoilett, pro se, in the above-entitled matter and submitts to this Honorable Court his Argument Supporting Petitioner's Excusable Neglect in Filing his Late Notice of Appeal.

   As stated in [Exhibit A, Petitioner's Affidavit in Support of his Notice of Appeal], this Petitioner was diagnosed with an aggressive from of lymphoma (Cancer) on or about 12/15/04 [Exhibit C]. In January of 2005 it was decided that this Petitioner would undergo chemotherapy for an extended period of time [Exhibit D]. This treatment lasted through July of 2005 and basicly left this Petitioner incapable of anything other than trying to get through his treatments and daily life as best as possible until treatment was finished and cancer deemed in remission, see [Exhibit A].

   Rule 6(b), Fed.R.Civ.P. deals with time specificly enlargement of time. The Supreme Court stated not to long ago, "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable'

Exhibit A-2

neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond control of the movant". Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, ___U.S.___, 113 S.Ct. 1489, 1496 (1993)(footnotes omitted). The decision whether neglect is excusable is based on all the relevant circumstances, including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good fath". Id. at 1498 (footnotes omitted).

In the present case the opposing party the Commonwealth faces no prejudice allowing this late notice of appeal, the delay poses no impact on judicial proceedings. The reason for the delay is relevant, how can a man defend himself when he can barely care for himself, Petitioner is now acting in good faith barely one month after his final treatment of chemotherapy he is attending to his legal issues. This is the ideology of excusable neglect.

WHEREFORE, this Petitioner Prays that this Court will allow this late filing of his Notice of Appeal and allow him his due process of appealing the denial of his writ of habeas corpus and the dismissal of his petition to the First Circut Court of Appeals.

Date: 9/6/05                                    Respectfully submitted,

                                                _____
                                                Michael Hoilett, pro se



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL HOILETT,
        Petitioner,

v.

PETER ALLEN,
        Respondent.

CIVIL ACTION NO.
03-12619-RCL

## AFFIDAVIT IN SUPPORT OF PETITIONER'S NOTICE OF APPEAL

I, Michael Hoilett, depose and state under oath, that:

1. I am the Petitioner in the above-entitled matter.

2. I am currently housed at the Souza Baranowski Correctional Center.

3. At the present time I am serving a life sentence for murder in the Commonwealth of Massachusetts.

4. On 3/31/05 and entered on 4/4/05 my writ of habeas corpus pursuant to 28 U.S.C. §2254 was denied and my petition was dismissed.

5. I now on this date am appealing this decision to the First Circut Court of Appeals.

6. I am of the understanding that this Notice of Appeal is late but I believe my reasoning for this late notice is covered by excuse-able neglect.

7. Sometime in or about the Fall of 2004 I started not feeling so good, a cyst on my temple area of my head became larger. I brought this to the attention of the medical staff here at SBCC.

8. The begining of December 2004 Judge Lindsay requested more documents before he would be able to come to any decision in my writ of habeas corpus.

9. On 12/15/04 I had minor surgery to remove the cyst on my temple [Exhibit B], this specimen was tested for cancer.

10. On or about 12/30/04 I was informed that the mass on my temple that was removed was an aggressive form of lymphoma. (Cancer) [Exhibit C].

EXHIBIT "A"



11. On 1/27/05 it was decided that I would under-go chemo-therapy for an extended period of time. [Exhibt D].

12. This chemotharpy just ended this past month, I received the treatment at least once a month sometimes more, the treatment left me deathly sick, tired, unaware of my surroundings at times an unable to adequately address my daily living needs never mind addressing my legal issues.

13. On or about 3/31/05 Judge Lindsay denied my petition for writ of habeas corpus and dismissed my petition, I may or may not have received this mail but due to my health concerns I did not file a notice of appeal. I was just not able to do so at the time and I did not have either counsel or other inmates capable of doing legal work available to help me do so. Even when healthy I must have inmate law clerks aid me in my legal actions.

14. At this time my chemotharpy has ended for about three weeks now, the cancer is in remission, 1 am starting to feel better and have found other inmate help to aid me in appealing the denial of my petition for writ of habeas corpus.

15. I,even though,am pro se in my endeavor to seek post-conviction relief have never purposely missed a time deadline set by the Court, if I had not been as sick as I was and without counsel I would not have been late in filing my notice of appeal.

16. I have supplied this Honorable Court with three exhibits concerning my medical issue, if this Court feels it needs more information for me to prove my sickness I am more than willing to sign any release and provide any information this Court may need.

   Signed under the pains and penalties of perjury that the foregoing is true and correct, Pursuant to U.S.C. §1746.

Date: ___9/6/05___                    Respectfully submitted,

                                      _____
                                      Michael Hoilett, pro se
                                      SBCC, P.O. Box 8000
                                      Shirley, MA. 01464



## CERTIFICATE OF SERVICE

    I, Michael Hoilett, hereby certify that a copy of Petitioner's Notice of Appeal, Argument in Support thereof, Affidavit in Support thereof and Exhibit A thru D were mailed by first class, prepaid postage to all involved parties on September 6, 2005, by U.S. Mail.

Date: 9/6/05

                                                   Michael Hoilett, pro se



LS0001002153   LS00096573
M  06/18/1967  37
HOILETT, MICHAEL
SDC.L
HOMSY, FARHAT

## LEMUEL SHATTUCK HOSPITAL
### NURSING DEPARTMENT
### TEACHING/DISCHARGE SUMMARY

**PROBLEMS**

You have had minor surgical procedure. If you notice any unusual bleeding, swelling, redness, pain or pus coming from incision, please notify the hospital at Tel. #522-8110. Ask for the Surgical Resident or Surgical PA.

**RECOMMENDED MEDICATIONS:**
Tylenol #3 2 tabs po prn for pain × 3 days

**DIET** regular

**INSTRUCTIONS GIVEN:**
Report to MD/nurse for signs of fever, redness, foul smell

**INSTRUCTIONS GIVEN:**
Keep wound/dressing dry × 48°
no shower × 2 days

**DIET/MEDICATION INTERACTIONS:**

**LIMITATIONS:**

**OTHER:** (INCLUDING FOLLOW-UP)
follow-up prn

I HEREBY ACCEPT, UNDERSTAND AND CAN VERBALIZE THESE INSTRUCTIONS.

*Micheal Hoilett*
**PATIENT/RESPONSIBLE PARTY**

**COMPLETE AFTER DISCHARGE**
CONDITION  stable
DISCHARGE TIME 12p  MODE
DISCHARGE DESTINATION  SBCC
ACCOMPANIED BY  DOC
REFERRAL PAPERS  given

12/15/04
**DATE**

I HAVE REVIEWED THE ABOVE INSTRUCTION WITH THE PATIENT/RESPONSIBLE PARTY. PATIENT DID/DID NOT DEMONSTRATE SATISFACTORY UNDERSTANDING.

**NURSE**                              12/15/04
                                       **DATE**

EXHIBIT "B"

**Lemuel Shattuck Hospital**
*Department of Pathology*
170 Morton Street
Jamaica Plain, MA 02130
Tel: 617-971-3311   FAX: 617-971-3626

## SURGICAL PATHOLOGY REPORT

| | | | |
|---|---|---|---|
| Patient Name: | HOILETT,MICHAEL | Surg Path #: | S04-1308 |
| DOB/Age/Sex: | 06/18/1967  37/M | Date Obtained: | 12/15/04 |
| Med Rec #: | LS00096573 | Date Received: | 12/15/04 |
| Account #: | LS0001002153 | Submitting Physician: | HOMSY,FARHAT MD |
| Location: | SDC.L | Report to: | |

**Specimen Submitted:**
Mass - Right Temporal

**FINAL DIAGNOSIS:**
Right temporal mass-
  -Follicular lymphoma Grade 3 with transformation to diffuse large B cell lymphoma.

NOTE: Clinical correlation with lymphadenopathy at other sites and possible bone marrow involvement is advised.
       This appears to be a highly proliferative B cell lymphoma, and it is most likely that it represents dissemination from other sites. If no other sites are involved, primary cutaneous follicular lymphoma is possible. But again, the high proliferative activity indicates that this neoplasm is aggressive, unlike usual primary cutaneous follicular lymphoma.

COMMENT: Morphologically, partially nodular infiltrate of large atypical cells seen with areas transforming into diffuse pattern. Mitotic figures are seen.
       The immunostains show that neoplastic cells are CD20-positive, Bcl6-positive, CD45-positive, CD10-positive. Many neoplastic cells are kappa-positive but lambda negative. Neoplastic cells are Bcl2-negative. MIB1 is 95% positive in neoplastic cells.

NOTE: This case has been reviewed and reported as above by Dr. Igor B. Rozenvald as Tufts-New England Medical Center Report TS04-14554.

Immunohistochemical staining performed in this case may involve reagents labeled as analyte specific reagents. For these cases: This test was developed and its performance characteristics determined by Tufts-New England Medical Center, Department of Pathology. It has not been cleared or approved by the U.S. Food and Drug Administration. The FDA has determined that such clearance or approval is not necessary. This test is used for clinical purposes. It should not be regarded as investigational or for research. This laboratory is certified under the Clinical Laboratory Improvement Amendments of 1988 (CLIA) as qualified to perform high complexity clinical laboratory testing.
   Dictated by: David E Ricklan MD

**Gross Description:**
Specimen received in formalin labeled " right temporal mass ", consists of an ellipse of skin measuring 2 x 0.6 cm with underlying tissue measuring 0.8 cm deep. Totally submitted.
(2 Blocks)
(DR)

**Clinical History:**
Pre-Operative Diagnosis: Right temporal mass
Post-Operative Diagnosis: Same

EXHIBIT "C"

Page 1 of 2

**Lemuel Shattuck Hospital**
*Department of Pathology*
170 Morton Street
Jamaica Plain, MA 02130
Tel: 617-971-3311   FAX: 617-971-3626

Patient's Name: **HOILETT, MICHAEL**   DOB: **06/18/1967**   Med Rec#: **LS00096573**
Surg Path #:   **S04-1308**

## SURGICAL PATHOLOGY REPORT

Pathologist: David E Ricklan MD   Date Completed: 12/22/04

## UMASS CORRECTIONAL HEALTH
### PROGRESS NOTES
# CD VISIT

**SBCC**
Institution

NAME: Hoilett, Michael   ID #: W57335   D.O.B.: 6/18/62

| DATE | TIME | | |
|---|---|---|---|
| 1/27/05 | 9:05 | **Problems:** non-hodgkin's lymphoma | **Medications:** none |

Allergies: NKDA   Diet: Reg

S: decided to proceed c̄ chemotherapy say nutrition supplements

O: T: 98°  P: 66  R: 16  O2 sat: —  BP: 130/80  Wt: 157

HEENT: healed scar ® temporal area

Cor: RR S R

Lungs: CTA

Abd: —

Neuro: —

Ext: ⊖ edema

Labs: CT scan ⊖ abd/chest/pelvis

A: NHL

**EXHIBIT "D"**

P:  Chronic Care visit 3 months
    RTC if any problems
    ~~Inmate education- diet, exercise, compliance~~
    See Physician Order Form for Labwork

nutrition c/s

ffu Dr Arman 2/17/05

MARK SCHNABEL, NP